## DE FOREST *against* BACON and another.

THIS was an action of trespass, for taking and carrying away various articles of dry goods and groceries, usually kept in a country store; a large quantity of brushes and shaving boxes, finished and unfinished, in a brush and box factory, together with a quantity of raw materials for making the same; and various other articles of personal property; formerly owned by *Isaac E. Judson.*

The cause was tried at *Litchfield, August* term, 1818, before *Trumbull, Hosmer* and *Gould,* Js.

On and before the 3d of *December,* 1816, *Isaac E. Judson* owned and possessed the goods specified in the declaration. He then made an assignment of them, by virtue of the following instrument:—" Whereas I, *Isaac E. Judson,* of *Roxbury* in *Litchfield* county, being indebted to the several persons named in the schedule annexed, in about the sums affixed to their names, and feeling myself unable to meet said contracts of indebtedness, according to the terms thereof, do hereby assign, transfer and convey all the articles of personal property in the annexed schedule, to *Ithamar Canfield, John Taylor* and *Marcus De Forest,* as trustees for, and in behalf of the said *Judson,* on one part, and the creditors herein after named in the schedule annexed, on the other part; to be by them taken into possession, and the same to sell, transfer and convey, and receive the avails thereof, and the same to apply to and for the payment of the said *Judson's* debts, in the order mentioned in this deed of trust, with power to dispose of said property, in such manner as they shall deem most for the interest and profit of the said *Judson,* and his said creditors. And whereas also, a part of the property in

New-Haven, November, 1818.

*A.* being insolvent, assigned to *B., C.* and *D.,* as trustees for himself, on the one part, and for certain creditors named in a schedule, on the other part, the contents of a country store, and the raw materials of a brush and box factory, specified in a schedule, annexed, comprising the whole of *A.*'s estate, exclusive of his notes and credits, empowering the trustees, or such part of them as should accept the trust, to dispose of the property, and apply the avails in payment of the debts due to the creditors named, and

to pay over the surplus, if any, to other creditors;—also, to carry on the business of the factory, and to purchase such additional articles as should be necessary, until all the raw materials on hand, at the time of the assignment, should be worked up. *D.* one of the trustees, who had been a clerk of *A,* accepted the trust, the others declining, and took immediate possession of the property assigned. The jury found, that such assignment was not made with a view to defraud creditors, and to keep the property from the reach of legal process. It was held to be valid as against the attachment and execution of a creditor not named in the schedule.

Where the property of an insolvent debtor is assigned in trust for the benefit of certain enumerated creditors, their assent to the assignment will be presumed until they express their dissent.

The shop-book of the assignor, kept by one of the trustees, who was also a creditor named in the schedule, is proper evidence, in an action brought by such trustee against a third person, to shew, in connexion with other proof of a debt due from the assignor to the trustee, the state of the accounts between them.

*New-Haven,*
November,
1818.

De Forest
*v.*
Bacon.

the annexed schedule mentioned, consists of raw materials used and manufactured in the brush factory, and the box factory, now belonging to said *Judson,* the said trustees are to have power to conduct and carry on the manufactory of brushes, of various kinds and descriptions, until all the materials now on hand shall be consumed, and to purchase such articles as are necessary to manufacture and work up all the raw materials now on hand.   And if it shall occur, that the exact sums due to each creditor hereafter named, are not specified, it is understood that the said trustees shall have power to satisfy the same in full, if there is sufficient property ; and if any sum, or surplus, of the avails of said property so conveyed, as herein mentioned, shall remain, after paying said debts, in the said schedule mentioned, and paying and satisfying the said trustees for their time and expenses, a reasonable sum, the same shall be equally divided among those creditors of said *Judson,* not mentioned in the schedule annexed ; and if the said property shall not prove sufficient to pay the said debts so mentioned in said schedule, the same are to be paid in proportion, according to the amount of property, and the sum really due each creditor.   And the better to carry this assignment into effect, I do hereby declare, that in case either of said trustees should refuse to accept and perform the said trust, by this instrument given them, then the other two, or in case of the refusal of two, the other one, shall have full power to do and perform all, and every thing, in this deed, provided for all the said trustees to do and perform.   Dated at *Roxbury,* this 3d day of *December,* 1816.
[Signed.]              *Isaac E. Judson.*"

*C. B. Phelps,*  } Witnesses.
*Perry Smith,* }

Then followed a list of creditors, with the sum due to each, amounting to 9,167 dollars ; and an inventory, or schedule, of the property assigned, amounting to 9,385 dollars, comprising the whole of *Judson's* estate, except his notes and book debts.   Under this assignment, *De Forest* took possession of the goods, and of the store and factory, and carried on the business, at the same places, and in the same manner, as *Judson* previously had done.   At the time of the assignment, *Judson* was insolvent, and was largely indebted to other persons than those named in said list, particularly to *Asahel*

*Bacon*, one of the defendants.    Shortly afterwards, *viz.* on the 7th day of *January*, 1817, *Bacon* caused the property specified in the declaration to be taken, and held, or disposed of, by virtue of a writ of attachment, and certain executions, founded on *bona fide* debts, in his favour, against *Judson;* which was the only trespass and taking done by the defendants.    They claimed, therefore, that the assignment was fraudulent in law, and void, as against said attachment and executions ; and prayed the court so to instruct the jury. But the court charged the jury, that the assignment was not in itself fraudulent, but that the plaintiff was entitled to recover, unless the defendants could prove, that it was made with a view to defraud the creditors of *Judson*, and to keep the property from the reach of legal process.

In the course of the trial, the plaintiff, in order to prove a part, *viz.* 109 dollars, 60 cents, of the debt set down in the schedule as due to him, offered in evidence the day-book of *Judson*, kept by the plaintiff, while he was *Judson's* clerk, accompanied with proof, that it was the shop-book of *Judson*, in the plaintiff's hand-writing.    The credit therein given to the plaintiff consisted wholly of his wages as clerk to *Judson*. The plaintiff offered other evidence to prove his services, and the contract under which they were rendered.    The defendants objected to the admission of the book as evidence. The plaintiff claimed it to be necessary, in order to shew what amount he had been paid for his services.    The court decided in favour of its admission ; and it was accordingly read to the jury.

A verdict having been found for the plaintiff, the defendants moved for a new trial, on the ground of a misdirection, and the admission of improper evidence.    The court reserved the motion.

*Daggett* and *Benedict*, in support of the motion, contended, 1. That this assignment, in connexion with the facts which appear in the case, was fraudulent, and void, as against the claims of the defendant, *Bacon*, a *bona fide* creditor to a large amount, who was, in no sense, actually or constructively, a party to the transaction.    The facts relied upon as constituting a case of fraudulent conveyance, were, first, that the assignment was made on the eve of bankruptcy, and with a view to effect a bankruptcy ; secondly, that it com-

*New-Haven*,
November,
1818.

De Forest
*v.*
Bacon.

New-Haven,
November,
1818.

De Forest
v.
Bacon.

prised all the visible property of *Judson*, liable to be taken by legal process ; thirdly, that of the three assignees, one only accepted, or could accept and perform, the trust, and that one was *Judson's* clerk ; fourthly, that this assignee was to continue, at the same places, and in the same manner, the business of the store and of the factory, a business which had already ruined *Judson* ; fifthly, that the assignment was made in the absence of the creditors named in the deed, and without their assent, none being expressed, and none implied, because it does not, and cannot appear, that the assignment would be beneficial to them ; and, sixthly, that it was made without consideration, on the part of *Judson*, as he gained by it no protection to his person, or discharge from his debts. They cited *Brown's* exrs. v. *Burrell*, 1 *Root*, 252. *Hovey* v. *Clark & al. Ibid. Naylor & al.* v. *Fosdick*, 4 *Day*, 146. *Widgery* v. *Haskell*, 5 *Mass. Rep.* 144.

2. That the shop-book of *Judson* was inadmissible, the entries having been made, not against the interest of the person making them, but in his favour, and that person not being deceased. On this point they cited *Bul. N. P.* 282. *Phill. Ev.* 195. *Cooper* v. *Marsden*, 1 *Esp. Rep.* 1. *Case* v. *Potter*, 8 *Johns. Rep.* 212.

*N. Smith* and *Sherman*, contra, remarked, with reference to the first point, that all the circumstances relied upon as evidence of fraud, were distinctly submitted to the jury, who found that there was no fraud ; so that the only question, on this part of the case, is, whether a *bona fide* assignment of specific articles of property, by an insolvent debtor, to one creditor, in trust for himself and certain other creditors, not including them all, is unlawful and void ? If it is so, it is because it is unlawful for an insolvent debtor to prefer a part of his creditors ; or because it is void, for want of the assent of the assignees ; or because it was made without consideration. That a debtor, whether solvent or insolvent, may lawfully prefer one set of creditors to another, is well settled. *Holbird* v. *Anderson & al.* 5 *Term Rep.* 235. *Estwick* v. *Caillaud*, 5 *Term Rep.* 420. *Inglis & al.* v. *Grant*, 5 *Term Rep.* 530. *Nunn & al.* v. *Wilsmore*, 8 *Term Rep.* 521. 3 *Day*, 344. *Stevens & al.* v. *Bell*, 6 *Mass. Rep.* 342. As to an express assent, it is to be observed, in the first place, that the case is silent ; but as no dissent is shewn, an express assent may have been proved

*New-Haven,*
November,
1818.

De Forest
*v.*
Bacon.

to the jury. No inference to the prejudice of the plaintiff, ought to be made, on account of this omission. But, be this as it may, the law will *imply* an assent. In all cases of an assignment or conveyance of property, in the absence, or without the knowledge, of the assignee or grantee, an assent will be presumed until the contrary be shewn. 4 *Day,* 159. 162. *Treadwell & al.* v. *Bulkley & al.* 4 *Day,* 395. 401. *Wilt* v. *Franklin,* 1 *Binn.* 502. 518. Besides, in this case, the assignee, in whom the property was to vest, expressly assented, and took immediate possession. The assignment being made in satisfaction of precedent debts—in full, if sufficient—otherwise, proportionably—it was unquestionably upon sufficient consideration. 4 *Day,* 163. 6 *Mass. Rep.* 343. The case of *Hempstead* v. *Starr,* 3 *Day,* 340. was relied upon as decisive, in favour of the validity of this assignment. The authority of this case, they said, was not impaired, but was rather fortified, by *Naylor* v. *Fosdick,* 4 *Day,* 146.; as a majority of the court, in the latter case, professedly distinguished it from the former, and the minority opposed the decision, on the ground, that the cases were not distinguishable in principle.

2. As to the objection against the shop-book, a bare statement of that part of the case, is a sufficient answer. *De Forest* proved the amount and value of his services, by common law evidence. The shop-book of *Judson,* containing entries in *De Forest's* hand-writing, was then produced, to shew how much had been paid to *De Forest,* and what was the exact balance due him. The entries went to *reduce* the amount of *De Forest's* claim, established by evidence not objected to ; and were, in effect, nothing more than a gratuitous admission by him, that a part of that claim had been satisfied. Why should the defendants complain of this ?

SWIFT, Ch. J. A debtor in failing circumstances may prefer creditors, and may, when necessary and proper, convey his estate to trustees, to be distributed among certain creditors, if done *bona fide*. In this case, the conveyance is made of specified property to trustees, for the benefit of certain enumerated creditors, who are presumed to have assented, as no dissent was ever expressed. Such a conveyance is warranted by the principles adopted in the case of *Hempstead*

*New-Haven,*
*November,*
*1818.*

De Forest
*v.*
Bacon.

v. *Starr,* 3 *Day,* 340. which has always been recognized to be law.

It is, however, objected, that by the deed of trust, the trustees are vested with a power to continue a manufactory, till certain raw materials are worked up ; and to purchase any necessary articles for that purpose : that this is a power which no debtor has a right to exercise on the eve of bankruptcy, and renders the conveyance void. It is, however, evident, that cases may occur, where this would be perfectly proper ; otherwise, property might be sacrificed in the distribution among creditors : for the raw material might be of little value till manufactured, and in a situation not to be removed.

Such a provision in a conveyance, then, cannot make it fraudulent *per se :* it can only be evidence of fraud, proper to be left to the jury. As this question was fairly submitted to the jury, who have negated the fraud, there is no ground of complaint.

The shop-book of *Judson* would have been proper evidence between the plaintiff and *Judson,* to prove the state of their accounts ; and, of course, was proper evidence in this action, to shew the indebtedness of *Judson* to the plaintiff.

The other Judges were of the same opinion, except Smith and Chapman, Js. who gave no opinion, the former being related to one of the *cestuy que trusts,* and the latter having been of counsel in the cause. Peters, J. founded his opinion solely on the authority of *Hempstead* v. *Starr.*

New trial not to be granted.